UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GREG HARTEL, PAUL HARTEL, and AMERICAN COMMERCIAL REAL ESTATE, LLC, | * * * * * | |
| Plaintiffs, | * * | |
| v. | * * | |
| FAY'S REALTY TRUST AND ROBERT A. FAY, INDIVIDUALLY AND AS TRUSTEE OF FAY'S REALTY TRUST, | * * * * | Civil Action No. 26-cv-11645-ADB |
| Defendants, and | * * | |
| RYAN DEVELOPMENT, LLC, FALMOUTH HOSPITALITY LLC, and ROBERT WALKER, | * * * * | |
| Reach-and-Apply Defendants. | * * * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Plaintiffs Greg Hartel, Paul Hartel, and American Commercial Real Estate, LLC, bring

this action against Robert A. Fay and Fay's Realty Trust, of which Fay is the trustee (together,

the "Fay Defendants"), seeking to recover payment that Plaintiffs allege they were due for

brokering a real estate transaction on the Fay Defendants' behalf.  See [ECF No. 1-3 ("Compl.")

¶¶ 4–6, 65–113].  In addition to seeking damages directly from the Fay Defendants, [id. ¶¶ 65–

97], Plaintiffs also seek to intercept future payments made to the Fay Defendants by Robert

Walker, Ryan Development LLC, and Falmouth Hospitality LLC (together, the "Reach-and-

Apply Defendants"), pursuant to a lease between the Reach-and-Apply Defendants and the Fay

Defendants, [id. ¶¶ 98–113].  Now before the Court is Plaintiffs' motion to remand, [ECF No. 10].  For the following reasons, the motion is **DENIED**.

I.      **BACKGROUND**

        A.      **Citizenship of the Parties**

                1.      **Plaintiffs**

Plaintiffs, two individuals and a limited liability company, are Massachusetts citizens.  See [ECF No. 17 ¶¶ 1–2]; BRT Mgmt. LLC v. Malden Storage LLC, 68 F.4th 691, 693 (1st Cir. 2023) ("[A]s a matter of black letter law, '[t]he citizenship of an unincorporated entity . . . is determined by the citizenship of all of its members.'" (second alteration in original) (quoting Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006))).

                2.      **Fay Defendants**

Robert Fay, an individual, is a Florida citizen.  [ECF No. 17 ¶ 1].  The parties dispute whether the other defendant, Fay's Realty Trust, still exists.  Compare [ECF No. 6 at 2 ("Fay's Realty Trust terminated as a matter of record on September 14, 1991.")], with [ECF No. 18 at 3 ("[T]he . . . public record reflects continued assertions of trust ownership, continued exercises of trustee authority, and repeated representations . . . that Fay's Realty Trust owned or controlled interests in the subject property.")].  For present purposes, it is sufficient to note that, to the extent Fay's Realty Trust survives, it appears to have no shareholders and a single surviving trustee, Fay.[1]  See [Compl. ¶¶ 4, 18]; see generally [ECF No. 18 (mentioning neither any additional surviving trustees nor any shareholders)].  With no other members, the trust takes

---

[1] If this conclusion is not accurate, Fay is **ORDERED** to promptly file a notice disclosing any other members of Fay's Realty Trust, regardless of role.

Fay's Florida citizenship regardless of whether it is treated as a "'traditional' trust," which "takes the citizenship of its trustee," or as a "trust [that] . . . exist[s] as a separate legal entity," which "takes the citizenship of all its members." BRT Mgmt., 68 F.4th at 697.

### 3.     Reach-and-Apply Defendants

The Reach-and-Apply Defendants, Robert Walker and two limited liability companies of which he is the owner and sole member, are Massachusetts citizens. [Compl. ¶¶ 7, 9]; see BRT Mgmt., 68 F.4th at 693.

### B.     Background

Plaintiffs are engaged in real estate brokerage services, and the Fay Defendants own certain residential property in Falmouth, Massachusetts. [Compl. ¶¶ 13, 15–16, 20, 55]. Plaintiffs allege that they contracted with the Fay Defendants to broker a lease between the Fay Defendants and the Reach-and-Apply Defendants but that the Fay Defendants never paid them for their services. [Id. ¶¶ 21–25, 33, 46–51, 55]. Plaintiffs filed suit against the Fay Defendants and the Reach-and-Apply Defendants in Massachusetts Superior Court on March 17, 2026. [Id. at 4]. The Fay Defendants removed to this Court on April 8, 2026, [ECF No. 1], and then moved to dismiss Counts I, III, and IV on April 22, 2026. [ECF No. 5]. Plaintiffs filed the instant motion to remand on May 7, 2026, [ECF No. 10], and an opposition to the Fay Defendants' motion to dismiss on May 11, 2026, [ECF No. 12]. The Fay Defendants filed an opposition to the motion to remand on May 14, 2026, [ECF No. 14], and a reply in support of their motion to dismiss on May 19, 2026, [ECF No. 15]. On May 27, 2026, the Court ordered the parties to file a joint statement of jurisdictional facts, [ECF No. 16], which they filed on June 4, 2026, [ECF No. 17].

## II.     LEGAL STANDARD

An action may only be removed from state to federal court if the federal district court would have had original jurisdiction over it, 28 U.S.C. § 1441(a); see Hertz Corp. v. Friend, 559 U.S. 77, 96 (2010), and "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded," 28 U.S.C. § 1447(c).  Federal courts are courts of limited jurisdiction, and "the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'"  Fafel v. Dipaola, 399 F.3d 403, 410 (1st Cir. 2005) (quoting Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982)).  "The existence of subject-matter jurisdiction 'is never presumed.'"  Id. at 410 (quoting Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998)).  Rather, "[t]he party invoking the jurisdiction of a federal court carries the burden of proving its existence."  Calderón-Serra v. Wilmington Tr. Co., 715 F.3d 14, 17 (1st Cir. 2013) (quoting Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995)).

The Fay Defendants assert that the Court has jurisdiction over this action based on diversity of citizenship.  [ECF No. 1 ¶ 11].  "Federal diversity jurisdiction is available in cases arising between citizens of different states in which the amount in controversy exceeds $75,000."  Rizzi v. 178 Lowell St. Operating Co., 180 F. Supp. 3d 66, 67 (D. Mass. 2016) (citing 28 U.S.C. § 1332(a)).  The citizenship requirement means that the Court lacks jurisdiction if any plaintiff is a citizen of the same state as any defendant.  See Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 17 (1st Cir. 2008).

Only "real and substantial parties to the controversy" should be considered for purposes of diversity jurisdiction: the Court "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties."  Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 460–61

(1980).  Whether a party is real and substantial turns on its "interest in th[e] case."  Lincoln Prop.

Co. v. Roche, 546 U.S. 81, 92–93 (2005).  A party is real if it "admits involvement in the

controversy and would be liable to pay a resulting judgment," id. at 93 (citing Knapp v. R.R. Co.,

87 U.S. (20 Wall.) 117, 122 (1873)), whereas a party is nominal if (1) it "act[s] as [a] 'mere

conduit[]' for a remedy flowing to others," Navarro, 446 U.S. at 465 (quoting McNutt v. Bland,

43 U.S. (2 How.) 9, 13–14 (1844)), (2) it is named to satisfy state pleading rules, Lincoln Prop.

Co., 546 U.S. at 92–93, (3) it is joined only as a designated performer of a ministerial act,

Walden v. Skinner, 101 U.S. 577, 589 (1879), or (4) it is simply indemnifying a named party,

Lewis v. Clarke, 581 U.S. 155, 167 (2017).

**III.      DISCUSSION**

Because the Reach-and-Apply Defendants, like Plaintiffs, are Massachusetts citizens,

whether the Court has diversity jurisdiction depends on whether the Reach-and-Apply

Defendants are real and substantial parties or merely nominal parties.  If they are real parties,

then Massachusetts citizens are on both sides of this action and the Court lacks jurisdiction.  If

they are nominal parties, by contrast, their citizenship is irrelevant, and the action is between

diverse parties: Plaintiffs (Massachusetts citizens) and the Fay Defendants (Florida citizens).

After considering the parties' arguments, the Court concludes that the Reach-and-Apply

Defendants are merely nominal parties and that it may therefore exercise diversity jurisdiction.

The Court begins with the Reach-and-Apply Defendants' relationship to the underlying

controversy.  Plaintiffs do not allege that the Reach-and-Apply Defendants were a party to the

agreement between Plaintiffs and the Fay Defendants or otherwise assert that the Reach-and-

Apply Defendants are liable.  See [Compl. ¶¶ 57–62].  Rather, the Reach-and-Apply Defendants

are simply tenants of the Fay Defendants that make and will continue to make regular payments

to the Fay Defendants pursuant to the terms of a lease.  See [id. ¶ 64].  Plaintiffs seek to intercept those payments to satisfy the judgment they expect to obtain against the Fay Defendants.  See [id. ¶¶ 98–113].  As such, even assuming Plaintiffs will prevail in the lawsuit, the Reach-and-Apply Defendants' financial liabilities will not change; at most, the lease payments that they would have made to Fay Defendants will instead be directed to Plaintiffs.

This relationship to the underlying controversy contrasts with the posture of the purported reach-and-apply defendants in BFT Advisors, LLC v. Long, No. 21-cv-10994, 2022 WL 1912871 (D. Mass. June 3, 2022), where a real-estate finance and consulting firm sued an individual defendant and several entities owned or partially owned by the individual defendant, naming the entity defendants as reach-and-apply defendants.  Id. at *1–2, *4.  That court noted that if the "reach and apply" defendants had been "properly named as such, [it] would exempt consideration of their citizenship for the purposes of establishing diversity jurisdiction," but concluded that they were in fact real parties to the controversy, because the plaintiff asserted an ownership interest in one of the entities, sought "extraordinary injunctive relief" against others, and four of the five entity defendants had made or joined filings opposed to the plaintiff.  Id. at *4.  Here, by contrast, the Reach-and-Apply Defendants—who have not appeared in the action— are simply contractual counterparties of the Fay Defendants.  Neither the property that the Reach-and-Apply Defendants are leasing nor any other asset of theirs will be affected by the outcome of the dispute between Plaintiffs and the Fay Defendants.  The Reach-and-Apply Defendants' relationship to the underlying dispute thus does not support treating them as real parties.  See, e.g., Endurance Am. Ins. Co. v. John Moriarty & Assocs., Inc., No. 23-cv-12550, 2024 WL 3849670, at *3 (D. Mass. Aug. 16, 2024) (treating party as nominal where said party "will not pay or receive damages, nor will any of its legal duties change"); Chew CPG Inc. v.

6

Hiya Health Prods., LLC, No. 25-cv-12344, 2026 WL 1162948, at *2 n.4 (D. Mass Apr. 29, 2026) (treating parties as nominal where they were involved solely to facilitate trustee process attachment); Salem Tr. Co. v. Mfrs. Fin. Co., 280 F. 803, 805 (1st Cir. 1922) (holding party did not destroy diversity jurisdiction where it merely held the sum in dispute as the depository of the agent), rev'd on other grounds, 264 U.S. 182 (1924); Matchett v. Wold, 818 F.2d 574, 576 (7th Cir. 1987) (holding that party who held the stakes of the dispute was purely nominal and did not affect diversity jurisdiction).

Nor does the specific remedy sought against the Reach-and-Apply Defendants change the analysis. Plaintiffs seek an injunction preventing the Reach-and-Apply Defendants "from paying, lending, encumbering or otherwise transferring to any party, other than to the Plaintiff herein, all sums owed by the Reach and Apply Defendants, to [Fay] Defendants pursuant to any Lease, or otherwise." [Compl. at 16–17]. Rather than pay those sums to the Fay Defendants, the injunction Plaintiffs seek would require the Reach-and-Apply Defendants to "hold said sums up to the [amount in controversy in this case] for the benefit of the Plaintiff." [Id. at 17]. If Plaintiffs were to ultimately prevail on this claim,[2] the result would be limited to the redirection

---

[2] Though the parties have not yet briefed the merits of this claim, the reach-and-apply statute appears to require that Plaintiffs establish (1) a debt owed by Fay Defendants, and (2) the existence of property in the possession of a third party that is "incapable of attachment or of taking on execution in a legal action" but is "due and payable to the principal defendant." See Mass. Elec. Co. v. Athol One, Inc., 462 N.E.2d 1370, 1372 (Mass. 1984). "While not all contract claims must be reduced to judgment before the statutory reach and apply [remedy] is available, a plaintiff may not seek to reach and apply assets where . . . the defendant['s] liability 'is hotly contested and there are disputed issues of fact which must be resolved.'" Goldstein v. Essential Demo, Inc., 783 F. Supp. 3d 542, 549–50 (second and third alterations in original) (quoting Neponset Landing Corp. v. Nw. Mut. Life Ins. Co., No. 10-cv-11963, 2011 WL 2417128, at *6 (D. Mass. June 10, 2011)). Additionally, the Court is unaware of a case in which rent payments were recovered through a reach-and-apply action. Contra Schlesinger v. Sherman, 127 Mass. 206, 209 (1879) (concluding that real-estate rents can be reached at law and are thus not subject to reach-and-apply action).

of outbound payments that the Reach-and-Apply Defendants were already going to make.  The

effect of such a remedy on the interests of the Reach-and-Apply Defendants would be minimal

and does not support treating them as real parties to the dispute.

## IV.      CONCLUSION

For the foregoing reasons, the Reach-and-Apply Defendants are nominal parties, as

opposed to real parties, and their citizenship thus does not affect the diversity-jurisdiction

analysis.[3]  This action was properly removed, and the Court will retain jurisdiction.  Plaintiffs'

motion to remand, [ECF No. 10], is **DENIED**.

**SO ORDERED.**

July 20, 2026                                                              /s/ Allison D. Burroughs
                                                                             ALLISON D. BURROUGHS
                                                                             U.S. DISTRICT JUDGE

---

[3] For the same reason, Plaintiffs' argument that the Reach-and-Apply Defendants were required
to consent to removal, [ECF No. 11 at 9–11], is unavailing.  See Hartford Fire Ins. v.
Harleysville Mut. Ins., 736 F.3d 255, 259 (4th Cir. 2013) (noting that only parties with a palpable
interest in the outcome should determine whether a federal court can hear a case); 14C Wright &
Miller's Federal Practice & Procedure § 3730 (4th ed. Apr. 2026 update) (collecting cases) ("[A]
very important exception [to the requirement of unanimous consent to removal] is that nominal
or formal parties should be disregarded . . . .").